UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENISE M. BEENEY,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C25-5411-KKE

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing her subjective testimony; in assessing the medical opinion of Richard Henegan, M.D.; and in finding that she could perform jobs requiring frequent reaching. Dkt. No. 12 at 1. As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1967, has two years of college education, and has worked as an administrative assistant and preschool teacher. Dkt. Nos. 7–8 (hereinafter Administrative Record ("AR")) at 221. Plaintiff was last gainfully employed in 2020. *Id*.

In January 2022, Plaintiff applied for benefits, alleging disability as of May 20, 2020, with a date last insured of December 31, 2025. AR at 188–96. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 94–97, 106–11, 113–14. After the ALJ conducted a hearing in February 2024 (*id*. at 38–66), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17–31.

### III. THE COMMISSIONER'S FINAL DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff worked since her alleged disability onset date, but this work did not amount to substantial gainful activity.

**Step two:** Plaintiff has the following severe impairments: degenerative disc disease; degenerative joint disease and tendinopathy of bilateral shoulders; osteoarthritis; obesity; migraine headaches; and foot and ankle tendinitis.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):** Plaintiff can perform light work with additional limitations: she can stand and walk two hours in an eight-hour workday, and sit for six hours in an eight-hour workday. She can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. She can frequently balance, stoop, and crouch, but only occasionally kneel and crawl. She can occasionally reach overhead bilaterally. She can tolerate occasional exposure to workplace vibration, and to workplace hazards such as unprotected heights and exposed moving machinery.

**Step four:** Plaintiff can perform past relevant work.

AR at 17–31. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR at 1–6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. No. 4.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

## IV. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.* at 954.

//
//
//
//

V.   DISCUSSION

**A.   The ALJ Did Not Harmfully Err in Discounting Plaintiff's Subjective Testimony.**

After summarizing Plaintiff's subjective testimony, the ALJ explained that he found Plaintiff's testimony not entirely consistent with the remainder of the record because Plaintiff's symptoms improved with treatment, Plaintiff's symptoms were less limiting than she alleged, Plaintiff's daily activities were "fairly robust," and Plaintiff was able to perform work-related activities even after her alleged onset of disability. AR at 22–28. Plaintiff alleges that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022).

First, Plaintiff complains that the ALJ failed to explain why her improvement with treatment is inconsistent with her testimony, thereby undermining its veracity. Dkt. No. 12 at 10. Indeed, the ALJ's findings in this section describe Plaintiff's recovery from multiple surgeries since her alleged onset date, as well as Plaintiff's report that physical therapy and injections were preventing her shoulder condition from worsening. AR at 26–27. This line of reasoning does not amount to a clear and convincing reason to discount Plaintiff's alleged limitations, however.

Next, Plaintiff alleges that the ALJ cites inapposite findings in concluding that the objective medical record demonstrates that she retains greater functionality than alleged. The Court again agrees with Plaintiff. The ALJ cited Plaintiff's alert status after bariatric surgery; supple neck; normal cardiovascular and pulmonary systems; lack of extremity abnormalities or focal deficits; and normal mood and affect. AR at 27. These findings do not directly pertain to Plaintiff's alleged limitations, and therefore are not inconsistent with the level of functionality she described.

Plaintiff also takes issue with the ALJ's finding that her activities of daily living are inconsistent with her allegations of disability. The ALJ found that Plaintiff's activities were "fairly

robust." AR at 27–28.  The ALJ also emphasized that Plaintiff traveled to Arizona twice to visit her daughter since her alleged onset date, helping her move to Washington on one of those occasions.  *Id*.  The Court finds that Plaintiff's ability to travel to Arizona twice since her alleged disability onset—once to help her daughter move—is reasonably inconsistent with the significant sitting and lifting limitations she described at the hearing.

Moreover, the ALJ went on to find that Plaintiff's short-term jobs since her alleged onset date of disability undermined her allegations of an inability to perform work-related activities.  AR at 28.  Plaintiff emphasizes that this work ultimately proved too strenuous for her (Dkt. No. 12 at 14), and the ALJ did not disagree with this proposition.  *Compare* AR at 21 (ALJ's RFC assessment) *with id*. at 282 (Plaintiff's description of the work).  Nonetheless, the ALJ did not err in finding that Plaintiff's work activity—looking for jobs, interviewing for jobs, and going to work—undermined her allegation of an inability to work.  *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled[.]").

Thus, although some of the ALJ's lines of reasoning are not clear and convincing, the ALJ provided independent lines of reasoning that do meet this standard.  Therefore, the Court finds no harmful legal error in the ALJ's assessment of Plaintiff's testimony.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162–63 (9th Cir. 2008) (explaining that even where some of an ALJ's reasons to discount a claimant's testimony are invalid, so long as the remaining reasons supporting the ALJ's determination remain valid and are not negated by the error, the error is harmless).

**B.     The ALJ Did Not Harmfully Err in Finding Dr. Henegan's Opinion Unpersuasive.**

Dr. Henegan examined Plaintiff in May 2022 and opined, in relevant part, that she was limited to standing/walking four hours in an eight-hour workday, lifting/carrying 20 pounds occasionally and 10 pounds frequently, and could never reach. AR at 980–85. The ALJ found Dr. Henegan's testimony unpersuasive because the record showed that Plaintiff was more limited than Dr. Henegan indicated as to standing/walking, and because Dr. Henegan's opinion as to Plaintiff's inability to reach was unsupported by his examination findings, which showed normal sensation and reflexes, and normal range of motion as to the elbow, wrist, thumb/fingers, hips, knees, and ankles. *Id*. at 29. The ALJ acknowledged that Dr. Henegan observed some reduced range of motion in Plaintiff's shoulders. However, the ALJ found that the many normal findings—as well as Plaintiff's ability to work part-time since her alleged onset date—are inconsistent with an opinion that Plaintiff could *never* reach. *Id*.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)–(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues the ALJ erred in finding Dr. Henegan's reaching limitation to be unsupported by examination findings, and that the ALJ "ignored" findings regarding Plaintiff's limited range of motion in her neck, back, and shoulders. Dkt. No. 12 at 6. But the ALJ did not ignore those findings: he explicitly discussed them in his summary of Dr. Henegan's findings. *See* AR at 28. The ALJ also acknowledged Plaintiff's reduced range of shoulder motion in assessing the supportability of Dr. Henegan's opinion. *See id*. at 29. That Plaintiff would weigh the evidence

differently does not establish error in the ALJ's conclusion that the examination findings did not support "extreme" postural limitations, such as a complete inability to reach. *See Molina*, 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, [this Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). Because the ALJ's supportability finding is supported by substantial evidence, the Court finds that this line of reasoning supports the ALJ's assessment of Dr. Henegan's opinion.

Plaintiff also challenges the ALJ's consistency finding, arguing that the ALJ unreasonably found, in conclusory fashion, that a short period of part-time work was inconsistent with Dr. Henegan's reaching opinion. Dkt. No. 12 at 7. But Plaintiff herself described this job as requiring her to reach for 4–8 hours per day (AR at 282), and therefore the record supports the ALJ's finding of inconsistency between the record and Dr. Henegan's opinion. *Magallanes*, 881 F.2d at 755 ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."). Because the ALJ's assessment of Plaintiff's past work vis a vis Dr. Henegan's reaching opinion is supported by substantial evidence, the Court finds no harmful error in this portion of the ALJ's decision.

## C. The ALJ Did Not Err at Step Four.

Plaintiffs bear the burden at step four of demonstrating that they can no longer perform their past relevant work. 20 C.F.R. §§ 404.1512(a), 404.1520(f); *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). In this case, the ALJ found that Plaintiff was not disabled at step four because she could perform her past work as a billing clerk, a procurement clerk, and a service clerk. AR at 30. The ALJ relied on the testimony of a vocational expert ("VE") that a person with Plaintiff's RFC would be able to perform these jobs. *Id*.

Here, Plaintiff accurately asserts that according to the Dictionary of Occupational Titles ("DOT"), all three of the step-four jobs require frequent reaching, yet the ALJ had found that Plaintiff could perform only occasional overhead reaching bilaterally. *See* AR at 21. Indeed, the VE testified that the DOT does not distinguish between reaching generally and reaching in specific directions, and that the VE relied on his own education and training to support his testimony that a person with a limitation to occasional overhead reaching bilaterally could nonetheless perform the step-four jobs.[3] *Id*. at 63. It is Plaintiff's position that the ALJ was required to explicitly discuss the conflict between the VE's testimony and the DOT and to explain why he credited the VE over the DOT. Dkt. No. 12 at 4.

Plaintiff is correct that "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435–36 (9th Cir. 1995). "Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 794 (9th Cir. 1997).

But here, contrary to Plaintiff's briefing, the record contains an explanation for the discrepancy between the DOT and the VE's testimony. The VE explained that although the DOT defines the reaching requirements of jobs, it does not distinguish between reaching in different directions. AR at 63. Thus, when opining that someone with a restriction to occasional overhead reaching could nonetheless perform a job requiring frequent reaching, the VE explained that he relied on his education and training to inform his understanding of the types of reaching required by these jobs. *Id*. Plaintiff cites no authority holding that an ALJ cannot rely on VE testimony as

---

[3] The VE's testimony is consistent with the Ninth Circuit's observation that "not every job that involves reaching requires the ability to reach overhead." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

support for a step-four finding under these circumstances, and the Court is aware of authority holding the opposite. *See, e.g.*, *Joseph N. v. Kijakazi*, No.: 3:21-cv-01608-AHG, 2023 WL 5635826, at *9 (S.D. Cal. Aug. 31, 2023) (finding no error in the ALJ's reliance on VE testimony that a job defined to require frequent reaching could nonetheless be performed by a person limited to occasional overhead reaching); *M.d.H. v. Berryhill*, No. 6:17-cv-0049-SI, 2018 WL 3970504, at *5 (D. Or. Aug. 20, 2018) (same).

## VI.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 3rd day of December, 2025.

_Kymberly K. Evanson_
Kymberly K. Evanson
United States District Judge